Hallissey et al. v. Rothschild & Co., 203 Ill. App. 283.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 25*—*when application for extension of time for filing correct stenographic report is too late.* An application for an extension of time for filing a "correct stenographic report" under section 23 of the Municipal Court Act (J. & A. ¶ 3335) made more than thirty days after rendition of the judgment is too late, and the court had no jurisdiction after said thirty days to allow further time for filing such report.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when question of sufficiency of evidence will not be considered.* Where a stenographic report on writ of error in the Appellate Court under section 23 of the Municipal Court Act (J. & A. ¶ 3335), is stricken from the record because not filed in time, no assignment of error based on the sufficiency of the evidence will be considered.

3. MUNICIPAL COURT OF CHICAGO, § 31*—*when judgment will be affirmed.* Where a stenographic report is stricken from the record and no errors arising from the statutory record are presented, the judgment should be affirmed.

----

**John and William Hallissey, trading as Hallissey Brothers, Appellees, v. Rothschild & Company, Appellant.**

### Gen. No. 22,606.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

## Statement of the Case.

Action by John and William Hallissey, trading as Hallissey Brothers, plaintiffs, against Rothschild & Company, defendant, to recover damages to plaintiffs'

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

horse occasioned by the negligent operation of defendant's automobile. From a judgment for plaintiffs for $225, defendant appeals.

JOHN A. BLOOMINGSTON, for appellant.

RYAN, CONDON & LIVINGSTON, for appellees; DONALD A. CALLAHAN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1512*—*when improper remarks by trial court are harmless error.* Where the verdict of the jury was the only one under the evidence they could properly have reached, the judgment should not be reversed merely bcause of improper remarks by the trial judge in refusing a request for a continuance of the case.

2. AUTOMOBILES AND GARAGES, § 3*—*when question whether collision of automobile with horse is due to sole negligence of driver of automobile is for jury.* Where plaintiffs' horse while turning into a cross street, after its driver had looked behind and seen defendant's automobile one-fourth of a block away and going at eighteen or twenty miles an hour, was struck by the automobile which had attempted to pass on the side towards which the horse was turning, *held* that it was a question of fact for the jury whether the accident was caused by defendant's sole negligence.

3. DAMAGES, § 190*—*when verdict for injury to horse is not excessive.* Where the evidence showed plaintiffs' horse was worth $250 before it was injured by defendant's automobile, and thereafter was lame, unfit for any but farm work, and worth about $50, and that its board following the injury was $46, *held* that a verdict for $225 was not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.